# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ELECROCK, LLC, | Court File No. 4:23-cv-155 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| WINNER AVIATION CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

COMES NOW Plaintiff ELECROCK, LLC, and for its Complaint against Defendant WINNER AVIATION CORPORATION, states and alleges as follows:

## PARTIES

1. Plaintiff ELECROCK, LLC ("ElecRock") is a Wisconsin limited liability company with its principal place of business located at W6422 Lake Pepin Boulevard, Bay City, Wisconsin 54723.

2. The members of ElecRock during the relevant time period were Knobelsdorff Electric, Inc., a Minnesota corporation, and Industrial Hardwood Products, Inc., a Minnesota corporation.

3. Defendant WINNER AVIATION CORPORATION ("Winner") is a Pennsylvania corporation doing business in the State of Ohio with its principal place of business located at 1453 Youngstown Kingsville Road, Vienna, Ohio 44473 and having a Registered Agent on file with the Ohio Secretary of State listed as National Registered Agents, Inc., 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 because – among other reasons – Winner resides and does business within this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

6. ElecRock is a Wisconsin company in the business of providing charter flight services to customers.

7. Winner is a Pennsylvania company doing business in Ohio, with its principal place of business located at the Youngstown Warren Regional Airport in Vienna, Ohio. Winner is in the business of, *inter alia*, providing aircraft maintenance services and prepurchase inspections of private aircraft.

8. On or about February 23, 2021, ElecRock purchased a 1979 Rockwell International 690B "Twin Commander" aircraft, FAA Number N690CH (the "Aircraft"), from a third party.

9. Prior to committing to purchase the Aircraft, ElecRock conducted a search for an experienced mechanic and inspector to perform a prepurchase inspection of the Aircraft.

10. Such prepurchase inspections are customary and crucial for buyers of aircraft prior to committing to the purchase, as required repairs and maintenance of aircraft pose significant cost to owners and the presence of serious, undisclosed defects in the condition of the aircraft pose the risk of rendering the aircraft not airworthy and incapable of use without significant repair expense.

11. Winner holds itself out to the public as having the "highest level of expertise in the industry" with regard to aircraft maintenance services, and as being a factory authorized service center for all Twin Commander aircraft, qualified and capable of performing maintenance and inspection services for aircraft manufactured by Twin Commander, including the 690B model.

12. Winner further holds itself out to the public as being experienced in servicing and inspecting Twin Commander aircraft, including the spar area of the aircraft.

13. Because Winner held itself out as being expert and experienced in servicing and inspecting Twin Commander aircraft, ElecRock selected, retained and relied upon Winner to perform the prepurchase inspection of the Aircraft.

14. ElecRock hired Winner to perform all recommended prepurchase inspections of the Aircraft, including, *inter alia*, a 150-hour inspection, a Saunders Spar inspection, and all other required inspection items (collectively, the "Inspections").

15. ElecRock specifically requested and hired Winner to perform the Inspections as part of the prepurchase process, even though the Inspections were not yet due, because Twin Commander aircraft are known to have corrosion issues in the spar areas.

16. Winner knew or reasonably should have known that ElecRock was relying upon the Inspections to make a decision as to whether to proceed with the purchase of the Aircraft, or, alternatively, negotiate allowances with the seller of the Aircraft for any defects or maintenance issues identified by the Inspections.

17. On or about February 5, 2021, Winner sent ElecRock an invoice (the "February 5 Invoice") representing that it performed the Inspections at Winner's facility in Vienna, Ohio.

18. Various manufacturer requirements and guidance, FAA requirements, airworthiness directives ("AD's"), and engineering orders provide specific requirements and guidance with regards to how to perform the Inspections, which Winner is required to follow.

19. In its February 5 Invoice, Winner represented that it had "accomplished the Saunders Spar inspection" and that the Aircraft complied with the 150-hour inspection requirement.

20. With respect to the spar area of the Aircraft, Winner found only one discrepancy, namely, five rivet heads on the left inbound wing bottom surface that were pulled loose.

21. As a result of the finding of this discrepancy, Winner replaced seven fasteners on the left inboard wing bottom surface of the Aircraft.

22. After conducting the Inspections, Winner did not identify any corrosion in the spar area of the Aircraft, or otherwise advise or inform ElecRock that there was any evidence of corrosion in the spar area of the Aircraft.

23. On February 3, 2021 and February 23, 2021, Winner issued signed work order reports, certifying the Aircraft was "approved for return to service."

24. In the February 23, 2021 signed work order report, Winner represented that it "accomplished continued airworthy inspection of Saunders Spar Per Instructions EO AC-925."

25. In reliance on Winner's Inspection findings and the signed February 3, 2021 and February 23, 2021 work order reports, and after receiving no suggested follow-up or additional inspections with respect to the spar area of the Aircraft, ElecRock paid the February 5 Invoice and proceeded with the purchase of the Aircraft from the third-party for the purchase price of $735,000.00.

26. Shortly after taking possession of the Aircraft, ElecRock discovered significant and advanced corrosion in the spar area of the Aircraft, such that the Twin Commander was deemed not airworthy.

27. ElecRock would not have purchased the Aircraft had it known about corrosion in the spar area of the Aircraft.

28. As a result of the corrosion on the spar of the Aircraft, extensive repairs, that will take as much as a year to complete, are required before the Aircraft will be able to be certified as airworthy.

29. Until the Aircraft is deemed airworthy, ElecRock will not be able to use the Aircraft or generate revenue as part of its business.

## COUNT ONE
## BREACH OF CONTRACT

30. ElecRock restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

31. ElecRock and Winner entered a binding and enforceable contract for the provision of the Inspections to ElecRock.

32. Winner agreed to provide the Inspections to ElecRock, which included, *inter alia*, the Saunders Spar inspection.

33. The contract between the parties contained the express and/or implied requirements that Winner would perform the Inspections in good faith and with the care and skill expected of an aircraft mechanic in the industry.

34. The contract between the parties contained the express and/or implied requirements that Winner would perform the Inspections consistent with a mechanic with expertise in inspection of Twin Commander aircraft, including the spar area.

35. The contract between the parties contained the express and/or implied requirements that Winner would perform the Inspections in compliance with all state and federal laws, regulations, and guidance, as well as in compliance with all applicable manufacturer guidance and requirements.

36. Winner failed to conduct the Inspections with the care and skill expected of an aircraft mechanic in the industry, did not conduct the Inspections with the care and skill expected of an experienced Twin Commander mechanic, did not conduct the Inspections in compliance with various applicable requirements and guidance, and otherwise negligently or improperly conducted the Inspections.

37. Winner, through its acts and omissions as set forth herein, materially breached the contract between the parties as well as the implied covenant of good faith and fair dealing contained therein.

38. As a result of Winner's breaches of the contract and implied covenant of good faith and fair dealing, ElecRock has incurred damages, including, but not limited to, the cost to repair and certify the Aircraft as airworthy, lost revenue as a result of the Aircraft being grounded, and attorneys' fees.

**COUNT TWO**
**NEGLIGENCE**

39. ElecRock restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

40. By agreeing to perform the Inspections, Winner owed a duty to ElecRock to perform the Inspections in a manner consistent with the care and skill expected of an aircraft mechanic familiar with Twin Commander aircraft and within industry standards.

41. Winner was negligent in performing the Inspections through its acts and omissions, including, without limitation by:

    a. Failing to identify corrosion and evidence of corrosion;

    b. Failing to identify loose and smoking rivets as evidence of corrosion;

    c. Failing to conduct further inspection, testing, or assessment into the underlying cause of loose rivets;

    d. Failing to inspect the spar of the aircraft in compliance with established FAA and manufacturing requirements and guidance;

    e. Failing to inspect the spar of the Aircraft in accordance with manufacturer and industry guidelines for similar inspections;

    f. Failing to recommend additional testing or analysis of the spar area;

    g. Certifying the Aircraft as airworthy; and

    h. Otherwise failing to perform the inspection of the Aircraft in a reasonably prudent and workmanlike manner consistent with the accepted standard of conduct.

42. Winner, through its acts and omissions as set forth herein, breached the duty owed to ElecRock.

43. As a direct and proximate cause of said breaches, ElecRock has incurred damages, including, but not limited to, the cost to repair and certify the Aircraft as airworthy, lost revenue as a result of the Aircraft being grounded, and attorneys' fees.

## COUNT THREE
## NEGLIGENT MISREPRESENTATION

44. ElecRock restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

45. Winner, in the course of and after conducting the Inspections, supplied false statements of past or present facts to ElecRock for the guidance of ElecRock in its business transactions, including, without limitation, the following:

   a. On or about February 3, 2021 and February 23, 2021, Winner certified to ElecRock that the Aircraft was "approved for return to service";

   b. On or about February 3, 2021, Winner stated that he had "accomplished continued airworthy inspection of Saunders Spar per Instructions EO AC-925";

   c. On or about February 3, 2021 and February 23, 2021, Winner stated that it had inspected certain parts of the Aircraft and/or repaired certain parts of the Aircraft "in accordance with current Federal Aviation Regulations and the repairs are approved for return to service";

   d. On or about February 3, 2021 and February 23, 2021, Winner stated that it had performed all inspection and repair work "I.A.W. [in accordance with] Twin Commander Aircraft 690B Appropriate Data";

   e. On or about February 3, 2021 and February 5, 2021, Winner stated that it had "defueled aircraft, removed inboard fuel forward cell, replaced seven each fasteners on left inboard wing bottom surface with CR3242-6 wet with PRC, reinstalled tank, refueled, all work accomplished IAW [in accordance with] 690B AMM"; and

   f. On or about February 5, 2021, Winner stated that it had "accomplished continued airworthy inspection of Saunders spar per instructions EO AC-925".

  g.  On or about February 3, 2021, Winner stated and represented that the Aircraft was airworthy.

46. Winner supplied said false statements in the course of its business, profession, and a transaction in which it had a pecuniary interest.

47. Winner failed to exercise reasonable care or competence in obtaining and communicating said statements to ElecRock.

48. ElecRock justifiably relied upon said statements in making decisions relative to the purchase of the Aircraft.

49. As a direct and proximate cause of said negligent misrepresentations, ElecRock has incurred damages, including, but not limited to, the cost to repair and certify the Aircraft as airworthy, lost revenue as a result of the Aircraft being grounded, and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, ElecRock requests that the Court enter judgment in favor of ElecRock and against Winner as follows:

(a) For monetary damages in an amount in excess of $75,000;

(b) Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in this matter; and

(c) For such other relief as this Court deems just and equitable.

Dated: January 25, 2023  By: s/*S. Joseph Stephens, III*
               S. Joseph Stephens, III (OH#: 0093883)
               DINSMORE & SHOHL LLP
               255 East Fifth Street, Suite 1900
               Cincinnati, OH 45202
               Telephone: 513.832.5452
               Fax: 513.977.8141
               Email: joseph.stephens@dinsmore.com

Patrick J. Rooney (*pro hac vice* forthcoming)
Brenton M. Tunis (*pro hac vice* forthcoming)
FAFINSKI MARK & JOHNSON, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone:  952.995.9500
Email:  *patrick.rooney@fmjlaw.com*
       *brenton.tunis@fmjlaw.com*

**Attorneys for Plaintiff ElecRock, LLC**